## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE  DIVISION

| | | |
|---|---|---|
| **OCCIDENTAL FIRE AND** | ] | |
| **CASUALTY COMPANY OF NORTH** | ] | |
| **CAROLINA**, | ] | |
| | ] | |
| **Plaintiff,** | ] | **CV-07-BE-2256-M** |
| | ] | |
| **v.** | ] | |
| | ] | |
| **TOMMY BROCK,** | ] | |
| **doing business as GT Socks,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## MEMORANDUM OPINION

The case comes before the court on Plaintiff Occidental Fire and Casualty Company's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 9). The Plaintiff only seeks dismissal of count II of Defendant Tommy Brock's (D/B/A GT Socks) counterclaim, asserting the tort of bad faith refusal to pay.  For the reasons stated below, the court will hereby GRANT Occidental's motion and will DISMISS count II of Defendant Brock's counterclaim.

## I. INTRODUCTION

On December 13, 2007, Occidental filed a complaint for declaratory judgment that it owes no insurance benefits to Brock for water damage to Brock's facility. The damage occurred after heavy rain caused water from nearby drainage ditches to overflow and enter into the insured building. Occidental argues that the policy issued to Brock excluded damage caused by flood or

surface water and contained an "anti-concurrent cause provision." Brock filed an answer and a two-count counterclaim, alleging a judgment that Occidental is liable for the loss under the contract from the water damage, and in count II, that Occidental is liable for the tort of bad faith failure to pay in denying the contract claim. Plaintiff then filed the instant motion for judgment on the pleadings regarding the bad faith claim only.

## II. FACTS[1]

For the purposes of this motion, the court accepts as true the facts and allegations in Brock's Answer and Counterclaim (Doc. 4). *See Natl. Metro. Bank v. U.S.*, 323 U.S. 454, 456-57 (1945). Those facts and allegations are as follows. Brock owns GT Socks, a sole proprietorship located in Fort Payne, Alabama. Two open drainage ditches, consisting of gravel and dirt, border a Norfolk Southern railroad right-of-way directly adjacent to GT Socks' facility.

As a result of heavy rainfall in the Fort Payne area, bundles of railroad ties that Norfolk Southern set aside floated into one of the ditches and became trapped. Water overflowing from that ditch crossed the tracks, washed away the roadbed, and deposited gravel and debris in the other ditch, causing it also to overflow. The rainwater and overflowing water ran along the ground across the road and into GT Socks' building causing damage. After the water damage, Brock submitted a Proof of Loss to Occidental claiming benefits of $79,694.22. A Commercial Policy in force and effect between the parties contains damage exclusions and an "anti-concurrent cause" provision as follows:

### B. Exclusions

1. We will not pay for loss or damage caused directly or indirectly by

---

[1] The court obtains the following facts from the pleadings, specifically paragraphs 1-3, 5-8, and 10 of the original complaint (Doc. 1) and answer/counterclaim (Doc. 4).

2

[any]² of the following. *Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.*
. . .

*g. Water*
 *(1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;* . . .
 (3) Water that backs up or overflows from a sewer, drain, or sump;
. . .

**Water Back-up or Overflow Endorsement** . . .

Any reference to Paragraph B. EXCLUSIONS. 1 g Water (3) is deleted from this policy.

### III. LEGAL STANDARD

The standard for granting judgment on the pleadings under Rule 12(c) is the same as the standard for dismissal under Rule 12(b)(6). *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n. 8 (11th Cir. 2002). That is, judgment on the pleadings is proper where no material facts asserted in the pleadings are in dispute, and the movant is entitled to judgment as a matter of law. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also* Fed. R. Civ. P. 8(a). A plaintiff must provide the grounds of his entitlement, but Rule 8 does not require "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Conley*, 355 U.S. at 47). "[O]nce a claim has been stated adequately, it may be supported

---

² Occidental's pleading omitted the word "any" when quoting the policy. Brock, however, attached a copy of the policy to his answer containing the word "any."

by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. In reviewing a motion for judgment on the pleadings, the court must accept the facts of the pleadings as true and view them in the light most favorable to the nonmoving party. *Hawthorne*, 140 F.3d at 1370.

### IV. DISCUSSION

Occidental moves under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings on Count II of Brock's counterclaim, which alleges the tort of bad faith failure to pay. To recover under the tort of bad faith, the insured must prove: (1) a breach of the contract by the insurer, and an intentional refusal to pay the insured's claim; (2) absence of any reasonably legitimate or arguable reason for that refusal; and (3) the insurer's actual knowledge of the absence of any legitimate claim. *Nat'l Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179, 183 (Ala. 1982).  An arguable reason is one that is open to dispute or question.  *State Farm Fire Cas. Co. v. Balmer*, 891 F.2d 874, 876 (11th Cir. 1990) (citing *Bowen*, 417 So. 2d at 185).  Additionally, "if any one of the reasons for denial of coverage is at least 'arguable,' [the court] need not look any further." *Balmer*, 891 F.2d at 877 (citing *McLaughlin v. Ala. Farm Bureau Mut. Cas. Co.*, 437 So. 2d 86, 91 (Ala. 1983)). To recover  under the theory of bad faith, the "proof offered must show that the plaintiff is entitled to a [judgment as a matter of law] on the contract claim and, thus, entitled to recover as a matter of law." *Natl. Life Ins. Co. v. Dutton*, 419 So. 2d 1357, 1362 (Ala. 1982).

To establish the first element of the bad faith claim, the insured must prove an intentional denial of coverage and subsequent refusal to pay. Although a question remains whether Occidental actually denied coverage before filing the declaratory judgment action, the court assumes Occidental denied Brock's claim for the purposes of this motion.

4

This motion focuses on the second element: whether an arguable reason for denying insurance coverage exists. Occidental's Complaint for Declaratory Judgment presents two reasons for denying coverage. First, Occidental asserts that flood or surface water caused the damage and, thus, the claim falls within one of the policy's exclusions. Second, Occidental claims that, assuming *arguendo* that some of the water did in fact backup or overflow from a sewer or drain, the policy's anti-concurrent causation clause "bars coverage for losses which result from a combination of covered and non-covered events . . ."

Brock, on the other hand, argues that the terms of the insurance policy are "unambiguous and should be construed strictly." He further asserts that the policy endorsement covering damage caused by "water that backs up or overflows from a sewer, drain, or sump" would include the damage in question.

In short, this motion presents a dispute over whether the water damage falls within the back-up/overflow endorsement and *is* covered OR whether the damage falls within the flood/surface water exclusion and is *not* covered. Both parties presented arguments favoring their polarized positions on the proper characterization of the cause of damage in question and will undoubtedly contest the contract claim. Occidental cited several cases holding that an overflow of rainwater, whether from an outdoor conduit or from a blocked drain, fell within the exclusions caused by water damage. *See T.H.E. Ins. Co. v. Charles Boyer Children's Trust*, 455 F. Supp. 2d. 284 (M.D. Pa. 2006) (holding that damage caused by water from ruptured sewer pipe during heavy rainfall falls within the surface water damage exclusion regardless of its origin); *Hirschfield v. Contl. Cas. Co.*, 405 S.E.2d 737 (Ga. App. 1991) (holding that rainwater flowing from a grate into the plaintiff's basement was surface water and not water from a drain or sewer); *Wallis v. Country Mut. Ins. Co.*, 723 N.E.2d 376 (Ill.

App. 2000) (holding loss resulting from overflowing creek on plaintiff's property fell within flood water exclusion and was not caused by water that backed up from drain or sewer). Brock attempted to distinguish those cases cited by Occidental and urged the court to use the plain meaning of words in the policy, citing to various dictionaries and their definitions.

The instant motion, however, is not directed toward the contract claim. The court's task is simply to examine the bad faith claim and to determine whether Occidental had an arguable basis for failing to pay the contract claim. The court finds that Occidental's reasons for failing to pay the claim are indeed "reasonably legitimate," "arguable," or "debatable" under Alabama law. Occidental is entitled to debate those arguments, whether Brock ultimately succeeds. Because Brock is not entitled to judgment as a matter of law on his contract claim, he cannot recover under the theory of bad faith. *See Dutton*, 419 So. 2d at 1362. Accordingly, Brock has failed to establish the elements of the tort of bad faith, and the court will GRANT Occidental's motion.

## V. CONCLUSION

For the reasons stated above, the court will GRANT Plaintiff's motion for Judgment on the Pleadings as to count II of defendants counterclaim, alleging the tort of bad faith. The court will enter a separate order consistent with this memorandum opinion.

DONE and ORDERED this 24th day of July, 2008.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

6